You may be seated. Good morning and welcome to the Ninth Circuit. I think we've got two lawyers. I'm not sure we've got Judge Collins yet. There we are. Judge Collins, can you hear us? Yes, I can, if you can hear me. We've got you, perfect. And we've got Lawson v. Grubhub. That's the case that you two are prepared to argue? And you can hear me all right? Good. Well, welcome to the Ninth Circuit in a kind of soft reopening. We've got two judges here on the bench. We've got Judge Collins seeing us remotely from Pasadena. The lawyers are appearing remotely. We've read your briefs. We look forward to your briefs. I believe it's you, Ms. Bliss-Yorden, you're first, when you're ready. Yes. Thank you, Your Honors. Good morning. I'd like to reserve four minutes for rebuttal, if I may. Okay, keep your eye on the clock. It counts down. We'll try to help. Okay, thanks so much. So, Your Honors, this case is actually a very simple case now, though it's had a long and winding history. I think there should be no doubt that the district court must be reversed on its holding that Mr. Lawson was an independent contractor. It's now clear that the ABC test should have applied to his claims. The California Supreme Court has held that the adoption of that test in the Dynamex decision is retroactive. The court decided when applying the Borrello factors, has already decided that the plaintiff's work was part of Grubhub's regular business. But don't we normally, when the district court has applied the wrong legal standard, don't we normally then send it back to allow it to have the first crack to apply it to the facts and see whether or not anything else needs to be looked at in doing that? Well, Your Honor, because this is a legal issue now, the court could decide it without doing that. In fact, we already had an argument with the district court, and we asked the district court to this is at the Ninth Circuit, so I'm not going to wait in now. I'm going to wait for the Ninth Circuit to rule. So that would really just be prolonging this. I understand if there were more fact-finding that needed to be done, that would be appropriate. But the district court already found the facts that now is a legal matter established that Mr. Lawson is an employee, and that is because his work was in Grubhub's regular course of business or usual course of either because the district court found that Mr. Lawson did not engage in his own independent business. Instead, he was a low-wage worker juggling multiple jobs. So under the ABC test, a reversal is in order, and the only remand that's necessary is for the district court to now calculate the appropriate damages and penalties as well as to address class certification issues. You know, even if I were to agree with you with respect to the ABC test, particularly B, I'm not sure exactly how that's supposed to apply with respect to the expense reimbursement. That seems to me a little more complicated. Okay, well, let me address that, Your Honor. So, if there is any question about that issue, there is not now in light of the California Appeals Court's decision in the Gonzalez case. There, the California Court of Appeals held that the ABC test applies to expense reimbursement claims under Labor Code Section 2802. Well, I read that, and it kind of says it, and then it kind of doesn't, and there are different kinds of expense reimbursements. I mean, I didn't get much guidance out of that, frankly. Well, so what the courts have universally said now is that if under Dynamex, if a claim is a wage-order claim, meaning that it's rooted in the wage orders, then the Dynamex ABC test applies, and wage order number nine applies to, says that tools and equipment must be paid for by the employer, and that's the same right established by 2802 for expense reimbursement. We also now have the DLSE, which has specifically held that expense reimbursement under 2802 is covered by the ABC test. In this court's holding in Vasquez versus Janpro Franchising International, the main claim in that case was a 2802 claim, and the court held that the ABC test would apply. You also have the Duffy versus Tenderheart decision that we cited to where the court emphasized that under Dynamex, you look at the purpose of the law. There's no limitation in the certain claims or so-called wage-order claims would be subject to the ABC test. You look at the the remedial purpose of the law. Yeah, you've now talked to me long enough to convince me that I don't want to decide that. All right, well, I would urge the court to look at Gonzales, and we, you know, we argue this below as a legal issue. What about on another, on the other front, you have not addressed your opponent's argument that the exceptions in AB 5, which do apply retroactively, also need further exploration in the district court. Could you talk about that? Well, so Dynamex, I mean, Dynamex applies here. The California Supreme Court has said that. This case was obviously, it was tried before AB 5. AB 5 itself says that the adoption of the ABC test is a statement of existing law. However, the exceptions that it built in were new changes to the law that would only apply going forward. In other words, I thought just the contrary, that in fact, they were explicitly made retroactive. That's why I was asking the question. No, I think what was made retroactive was the statement of what the law currently was, and that was that the ABC test applies. So the statutory enactment mirrored what the Supreme Court said in Dynamex. It created new exceptions that would only apply going forward, because that is, that was a change in the law. So what needs to go back to the district court, again, is the calculation of the damages. The penalty. I'm not quite finished with this question that Judge Watford just asked. I mean, this is basically the abatement question. Well, that's a different, that's a different question. Okay, well, then if that wasn't the question you were answering, let me ask you about abatement. There are several California cases. The one I focused on was Zipperer, but there's several, and there's apparently a four-part test. Why is, why aren't you defeated by abatement? Well, so as we've put forth, and we only have limited room to brief this, of course, but Prop 22 clearly changed the law. The Court of Appeal, California Court of Appeal on People versus Uber, already said that even if this ballot initiative passed, it would only apply going forward. There's no abatement under Dynamex or under AB5, and in fact, if you think about it, it doesn't make any logical sense. If Grubhub drivers are not employees now going forward because of Prop 22, that's only because if Grubhub satisfies the various requirements of Prop 22. There are a bunch of requirements it has to satisfy. How could it possibly be the case that the question of whether or not Grubhub drivers were employees before Prop 22 depends on what the company chooses to do after the implementation of Prop 22? It just would make no sense. And in any event, as we've set forth, Prop 22 did not repeal AB5. It simply created more exceptions to it. If companies comply with specific enumerated requirements, they are accepted from AB5. It's not a repeal of AB5, and the two exist side by side concurrently. So AB5 still exists, and now Prop 22 exists, and the two need to be reconciled. Prop 22 did not repeal it. It certainly didn't repeal it explicitly, and it did not appeal it implicitly either, as that is extremely disfavored. The fact that the companies could still classify their drivers as employees, and they can only classify them as independent contractors if they meet various requirements, such as letting drivers turn down any job that they want. They have to pay a certain minimum amount. They have to make health care payments. How can we decide whether Grubhub misclassified Mr. Lawson back in 2015 and 2016 based on what Grubhub decides to do starting in 2021 and going forward? It just doesn't make any sense. I've got a practical question here. Mr. Lawson didn't work there very long. There's not really very much money at stake in the case that we have in front of us, unless it's a representative or a class action. So as a practical... Pardon me? Yes, this is a representative PAGA claim, yes, and we also are appealing the court striking of the class claims that happened at the beginning of the case that should not have been stricken. That's an error of three. Yeah, well, no, I understand that, but if this is solely, if it turns out that this is solely Mr. Lawson, what then is the practical consequence? Well, it's not about Mr. Lawson. It's PAGA penalties, which can be enormous, and also on the class, I would refer the panel to our briefing on the class certification. Unlike other companies that have explicitly said in their arbitration clauses that if you accept the clause, you can't even be a passive class member in someone else's class case. Grubhub's agreement didn't say that. It explicitly said that Mr. Lawson, by opting out, he was not bound by the class waiver. This court in the Bloomingdale's case said that if the clause, the plaintiff would be free to bring a class action in court, and that's exactly what Mr. Lawson did. The court below prematurely addressed class certification by not even allowing Mr. Lawson to make class certification arguments. The court should have determined under Rule 23 whether once Mr. Lawson had filed for class certification, whether a class was appropriate, and then once there were parties before the court who were even had arbitration clauses at issue because Mr. Lawson didn't. Do you challenge the district court's conclusion that Mr. Lawson lacked standing to challenge the enforceability of the arbitration agreements on behalf of the class? Yes, and again, it decided this prematurely before it even determined whether or not a class was appropriate. So because Mr. Lawson had opted out of arbitration, he's actually the most adequate plaintiff to bring this case on behalf of a class because he was one of, I believe, two California drivers who could do that because he opted out of arbitration. The typicality and commonality factors should have looked at whether or not his entitlement to wages and expense reimbursement under a labor code was typical and common with what other drivers had, but the court just ignored that and said, well, he opted out, so he's unlike everyone else, but that just ignores the fact that because he opted out, he's not bound by the class action waiver. He was free to bring a class action in court. Nothing in Grebhub's arbitration clause prevented other drivers from being passive beneficiaries of him bringing a class claim, and I didn't want to lose my time. I didn't want to go too long in concluding that he lacked standing to challenge the enforceability of the arbitration. I'm sorry, I didn't hear the question. What about the standing? Why was the district court wrong in your view in concluding that he lacked standing to be able to challenge the enforceability of the arbitration? Because the enforceability of the arbitration clause only applies to him himself. He was free to bring a class claim. He's bringing it. He's the plaintiff. All of the unnamed class members would not even be parties to the action, so it was wrong for the district court to say he lacked standing to bring a class action on behalf of him. But O'Connor seems to suggest that the enforceability of the arbitration agreement is relevant to the class certification issue, and yet she said that he couldn't challenge that because he had opted out. I'm trying to understand why you think that was wrong. O'Connor didn't really address that directly. What happened below in O'Connor was the court had certified a class with class members who had opted out of arbitration, and then ultimately the Ninth Circuit decided that the arbitration clause was enforceable. But in that case, the court actually went on ahead and decided a class certification motion. Here, the district court magistrate judge didn't even get to that point because she struck the claims before that could even be addressed. And if you look at the O'Connor decision closely, that was not really specifically addressed, the argument that we're making here. And again, I do want to reserve my time. I want to answer any other questions you have, but I hope to save a couple or a few minutes to respond. Why don't we hear from the other side, and we'll make sure you get a chance to respond. Thank you. Ms. Evangelos. May it please the court, D. N. A. Evangelos, on behalf of Grubhub. The court should affirm the judgment below because plaintiff was properly classified as an independent contractor during the brief four months in late 2015 and early 2016 when he used the Grubhub app to find delivery leads wherever and whenever he wanted. At the time he used the app, Borrello was the test that applied, and the district court correctly found that he was an independent contractor under that standard. Today, it's undisputed that the classification of app-based drivers is determined under Proposition 22, which represents the will of the people that network companies like Grubhub should not be penalized for treating workers like plaintiffs as independent contractors. Proposition 22 is presumptively only prospective, and so if it's only prospective, then it would seem that the relevant law in Damascus would be Dynamex. Well, Your Honor, under the established doctrine of abatement... Ah, here we go. We finally get back to abatement. Okay. Yes, thank you, Judge Fletcher. And Judge Fletcher, you're right that Zipper is really the key case here. It explains what happens in this scenario, and this is a well-established doctrine under California law for nearly 100 years now. The general rule, Judge Collins, you're right, is that a statute is prospective only, and that's when we're dealing with retroactivity. Retroactivity and abatement are distinct doctrines, but the California Supreme Court and Courts of Appeal, and in fact this court, have held repeatedly that that general rule is different when there is a remedy that rests on a statute, and that statute is in some way repealed, amended, or changed by a later enactment. And so that's exactly what Proposition 22 does, and there's no doubt about what it was intended to do. It says, notwithstanding any other provision of the law, and it does so with respect to the labor code and any other provision of independent contractors, and that's the will of the people, and it passed by a 17% margin. It passed overwhelmingly. We understand about that, but tell me more about Zipper. It's got a four-factor test, the second one of which, there's no abatement if there is a vested right, and they're quoting another case, vested or contractual rights that have arisen under the statute. Well, why doesn't he have a vested contractual right? He did the work. We're told in Dynamex that it's retroactive. He had contractual right under the retroactivity analysis, and I think we're done. I don't see that Zipper helps you. Actually, your honor, he does not have a vested right, and I'll point the court to the Court of Appeals decision, California Court of Appeal in Gratzik at page 1007, as well as this court's decision in Angelotti at pages 1081 to 82, where, and also the California Court of Appeals decision in Hartford Insurance, and I'm quoting, a statutory remedy does not vest until final judgment, so that's the key point here. This is a statutory remedy. The wage orders are... Wait, wait, wait, wait, wait, wait, wait, wait. You say it's a statutory remedy. This looks like a, he's got a contract to do the driving for which he's being paid, and he did the work, and where Dynamex tells us that the way that that work is going to be compensated is going to be as a, as a, as an employee. So I'm not talking about statutory. I'm talking about he did the work, and there's a contract that Dynamex tells us how to, how to construe it. Well, your honor, this is not a breach of contract case. This is not a common law case in tort or for a breach of contract. This is a case that is based on wage orders in Section 2802. Those are statutory remedies, and therefore, and in fact, here, there's no vested right, because not only did he not obtain a judgment in his favor, he lost in the district court, and that contract was one to perform services as an independent contractor. It was written with Borrello in mind, as the district court says. Here, Proposition 22 has eliminated those claims, and it is a substantial reversal of legislative policy, and I'm quoting I've got a question, then, as to Factor 4 under Zipper, the nature and mechanism of the elimination of the rights. Well, the elimination of the rights is something that's a very partial amendment to Dynamex, and it doesn't quite repeal it, even with respect to the amendment. It provides different and new rights. This doesn't really strike me as doing away with it. Proposition 22 is, by its nature, prospective, and it doesn't just flatly eliminate what went before, and given that the underlying proposition in California law is very clear on this, that abatement is disfavored, I have trouble getting where you want to get with abatement. Well, thank you, Your Honor. First, just one very final point on that, and again, the district court has not had a chance to address this either, of course, but the Attorney General of California said very clearly that Proposition 22's chief purpose was to carve out app-based delivery companies from the generally applicable ABC test, and Proposition 22 supplants the ABC test. The language, notwithstanding any other law, is a term of art, and this court has much in the United States v. Novak. In the Watkins case, I believe this would be, quote, undebatable evidence of an intent to supersede an earlier enactment. The findings of Proposition 22 very clearly call out AB5 and the ABC test and say that this is... But of course that's right in the sense that it's prospective, but the issue is whether or not it's retroactive, eliminating what came before. I mean, we all know that. So everything you're talking about, of course it replaces a going prospective. We all know that. Yes, thank you, Your Honor, and because this is pending and there's no final judgment and this is not... These are not vested rights. Let me ask you a hypothetical. Suppose the statute said that the minimum wage is $15 an hour, and someone works for two years and gets paid $12 an hour and then brings a suit to try and collect the difference, and then a proposition passes lowering the minimum wage to $13. Is that an abatement? And now that right that you had, you worked those years, and that is supposed to get a certain rate of pay, that's not a vested right? That's just gone? Well, Your Honor, I think to the extent that that claim rests on the wage orders or on the labor code, it's statutory, and it's the same as the solar panels, I believe, in the Zipper case, where the law changes and it... And here, where the law changes and it relieves liability for past acts rather than imposing liability, it is a different... Just eliminate the doctrine that statutes apply only prospectively? This is becoming now a presumption that they apply retroactively? Well, no, Your Honor, and I just, I do want to get to the point also why this should be affirmed despite the abatement argument, which again, hasn't yet been presented fully to the District Court, and we would ask for an opportunity to present it there if this case is remanded. But I will just turn very briefly to the Borrello question, because Judge Fletcher, I think you're absolutely right that Gonzalez doesn't do the work the plaintiff is trying to make it. Here, Borrello clearly applies to the Section 2802 claim because it is not a wage order claim. There was never any hint of wage order 9 in this case. Plaintiff never pled that. That's the key distinction and why this case is worlds away from Gonzalez. In Gonzalez, there were two claims pled, and the Court of Appeal remanded for the trial court to figure out which was which and said that wage order claims, just like the California Supreme Court said in Dynamex, wage order claims are governed by the ABC test. But 2802 claims, every district court in the circuit to have addressed that question, and the California Court of Appeal in Garcia, all of those courts have held that 2802 is different from a wage order claim. Why isn't the 2802 claim grounded on wage order 9b? I guess I don't see that. 9b says the employer is required to provide something like a car. That didn't happen here. And so what is the employee supposed to do other than to seek reimbursement for the expense that the employer should have covered? Actually, Judge Watford, employers are not required to provide cars, and that's the Estrada versus FedEx case. So 2802 governs fuel and tolls. And the California Supreme Court said in Dynamex, that transportation expenses such as fuel or tolls, quote, do not derive directly from the applicable wage order. So here, if we look at the complaint, it's at excerpts of record 1892. It is solely based on 2802. And 2802 is much broader than the wage order. The wage order applies only to non-exempt employees. 2802 applies to all employees, even exempt employees. It was intended to be much broader. It is not coextensive with the wage order. So this is very different from, say, meal or rest break claims, where you've got a wage order and you've got the labor code, and that simply enforces and piggybacks on all fours with the wage order. So this is a different animal, and that's why every court, and we've cited all of those cases. But here, at a minimum, I believe if, you know, if plaintiff is making the argument that this is a wage order claim, well, the district court should have the opportunity to look at what was presented in this case, what was pled, what was argued, and there's never been so much as a hint of any wage order with respect to the 28. So your argument on this point is that wage order 9b's reference to tools or equipment, that just doesn't match up with the kinds of expenses this plaintiff is seeking reimbursement for? Well, yes, your honor, because here, again, well, I think that wage order is waived. A plaintiff never mentioned it, but again, if there's no hint here, there's no argument below that this was a wage order claim, and I think that there has to be when it is an expense reimbursement claim, because again, the two just are not, it's not apples to apples. There is not an exact match, and we know Let me just, can you answer my question? I heard you a second ago saying that the expenses for which this plaintiff is seeking recovery, I gather in your view, they do not amount to tools or equipment, which is what 9b provides for. Is that your argument? I'm just trying to figure out what you're arguing here. Yes, thank you, your honor. I think it's not. What he's looking for is for the expenses of expenses have been treated under 2802. There's established case law, the Cochran case from the California Court of Appeal. Plaintiffs seek those expenses always under 2802, so I do think that these claims are 2802 claims in this case. And next, I'd like to discuss briefly the retroactivity point, because Judge Watford, you asked about the retroactivity of AB5, and clearly it says in existing law with regard to wage orders. So again, Dynamex would, the ABC test and AB5 applies to wage orders. However, it goes on in subsection B to say that insofar as the application of the exemptions would relieve an employer from liability, those sections shall apply retroactively to existing claims. So your honor, you're exactly right that as we've argued, Grubhub would have an AB5. Those would be retroactive. Of course, those have not been litigated yet in this case. And we believe also that at a minimum, again, there are many paths to get to the same result of affirmance here. And I discussed abatement. I discussed on the 2802 claim, Borrello still applies. And also on the minimum wage and overtime claims, we've presented this in our briefing. And there, the plaintiff simply failed to carry his burden that there were any violations. Which one of the exceptions do you think is the strongest? If you were to get a remand on that point, which is the one you'd hang your hat on? Well, your honor, the business to business exemption is one. I mean, again, it's a, it's a, I think more than 10 factor exemption. There'd be a lot of factual questions there, but that's the one that to me is the most relevant here. So again, but plaintiff has failed to carry his burden on minimum wage and overtime because he completely failed to show that all of the time that he spent on the app was compensable. And we know that he had his phone off in airplane mode. Sometimes he just did one delivery in a four hour period and had his phone off and got paid $60 for one delivery. There was, there were a lot of factual findings in the district court's opinion. The district court did not reach these questions because it concluded with the classification question, but plaintiff had a full opportunity to present the arguments and the evidence. And we think that there is an independent basis for affirmance. I do want to address very briefly the class certification question. And also if this case goes back down, we believe it should only be an individual case at a minimum because it would violate due process to apply the ABC test retroactively in a case for penalties under PAGA. And we know in BMW versus footnote 22, the U.S. Supreme court said very clearly that the due process constraints of fair notice apply to civil penalties. And we know from the California Supreme court's decision in Kim versus reigns that PAGA is punishment. It is a statute for penalties, not compensation. So if we connect the dots between those decisions and what we have here, we had no fair notice that the ABC test would be adopted and judged poorly said as much, you know, that sounds like that's an argument. If we go send it back, that sounds like an argument from the first instance for the district court. I've got a question. I've got a question for you though. And that is assume for the moment, and this is not what you're asking for. You're asking for quite the opposite, but assume for the moment that we were to conclude that Dynamex does apply retroactively and that the ABC test does apply to Mr. Lawson. Why is not prong B or factor B of the ABC test so obviously satisfied that we shouldn't decide that ourselves? Well, your honor, it would violate due process to send us back where the Borrello test was a multi-factor test where no one fact wait, wait, wait, wait, wait, wait, wait, wait, a violation of due process. That's really, you know, that's heavy artillery. I'm just asking you, why aren't the facts so well established with respect to factor B of the ABC test that we can't decide that ourselves? I'm not, this doesn't rise to the level of due process violation. It's a perfectly ordinary question in appellate review. Sometimes you can decide it yourself because there's really nothing, no fact finding, no nothing else that the district court has a better and is a better position to do. Well, your honor, we put on a very different case under Borrello. It was, and Judge Corley recognized that, that if the ABC test applied, we should, that it is a fair question that we should have an opportunity to present a different case. When you have three factors that any one of which could be dispositive, you put on a very different case from a multi-factor balancing test where all the factors are intertwined and no one is dispositive. So on prong B, to answer your honor's question, we would put on evidence from an expert, for example, about the multi-sided platform at issue here and about the nature of plaintiff's work versus the 11 platforms that he used, sometimes simultaneously, three of them at the same, and during the same four months, during the same period. Wait a minute, you're talking, you're talking, you appear to be talking about factor C. I'm talking about factor B, whether the work, where the worker performs work outside the usual work of the hiring entity. No, so whether you have platforms for other things, I don't, I don't, I don't care about that. What I care about is this, is this core business for Grubhub. It would be under prong B, and the Sebago test, test case, excuse me, for Massachusetts, which had the ABC test that was adopted here, is, is instructive on that point, where dispatchers were different from taxi drivers, that's a different line of business here. We would put on evidence as well about Grubhub's financial sources of revenue, its business. Its business started as a food ordering platform where most restaurants just did self-delivery. Again, this case goes back to 2015. This, it was a different business, a different, you know, we would have an opportunity, we should, and I would argue strenuously that we should have an opportunity to supplement the factual record here, to have from Grubhub's employees. All of those things were not even the focus remotely by plaintiff or by us at this trial when we were under Borrello. So we would ask for a remand to at least allow us, I think, to this court in, in the Janneking case, it remanded when there was a new test, and that usually happens in the Flores case, I believe, versus Janneking. This court usually remanded because it would not be appropriate to reach these questions in the first instance, and Judge Corley herself recognized that here. Okay, I heard the answer, you're over time. Is there anything else you'd like to say in summary? I can address the class certification very briefly that plaintiff has not challenged the enforceability of the agreement on appeal. This is an undisputed record where only two individuals opted out. The named plaintiff is one of them, and there was no reason for the district court to wait until class certification. You've made that argument. We understand that argument. Thank you. Okay. Thank you. I appreciate the help of questions. Okay. Ms. Lees-Riordan, it's back to you. You'd asked to preserve four minutes. Let's put four minutes on the clock for you. Thank you very much, Your Honor. Okay, so quickly. So first of all, in Vasquez, the court noted that the factors that had been previously used under the multi-factor Borrello test were now arranged simply in a different way in the ABC test, so it was an evolution of the law. The facts that Ms. Evangelos just described were fully fleshed out at the trial, evidence regarding Grubhub's business and where its money was coming from, etc. The facts were already found by the district court, and making us go through a trial again would just give Grubhub another bite at the apple. It's just a different application of tried facts now under this new standard. In Vasquez, this court rejected the due process argument, and in Valadez, which we submitted yesterday in a 28-J, California Court of Appeals also rejected the due process argument with respect to PAGA claims. A bunch of issues, quickly. On the abatement issue, if you look at our dockets 98 and 100, we've addressed that more fully. These are legal questions that the court can decide without having to send it back down for the district court to decide legal questions in the first instance. On the Gonzalez case on issue of 2802 being covered by the ABC test, I would urge the court to look at pages 1157 to 1160 of Gonzalez. I don't see any way to read those pages and not see that the ABC test applies to expense reimbursement claims. The court set forth the standard and then said, okay, lower court, now go apply that, but clearly under that application, 2802 claims are covered by ABC. The one court that definitively did say that it is covered, that we cited as the Johnson versus VCG case where the court held that expense reimbursement claims are covered. On the issue about, there was a comment by Ms. Evangelist that we never pled a wage order claim below. There is no such thing as pleading a private right of action for a wage order claim. That's why the wage orders, which is clear from Gonzalez, that this one is. The tools and equipment clearly from wage order nine are covered by 2802 and the citation that Ms. Evangelist just made to Estrada, we've distinguished in our briefs if you take a look at it, what Estrada said was that you may not have a claim to get the cost of buying your car or truck reimbursed, which we're not doing. We're asking for reimbursement of use of the car, so I would refer the panel to our briefing specifically on that. Clearly, the expenses that we're seeking reimbursement for, car expenses and phone expenses, are like the tools and equipment from wage order number nine. On the abatement issue, I want to come back to that for a moment. If you look at our briefing, well, the briefing we submitted in docket 98 and 100, you'll see our more thorough responses, but in particular, I wanted to note, we've cited the Lohr versus Ventura City Committee case 147 Cal App 3rd 1071, in which the California Appeals Court said that earned but unpaid salary or wages are vested property rights under California laws 1983 decision. These were vested rights. These cannot be abated by Prop 22. Can I ask you about 2785B? Can you address that? I'm sorry, if you could orient me. AB5 exceptions, you said they're not retroactive. I think 2785B says they are, and I just wondered if you had any other response besides they're just not retroactive, because that seems plainly inconsistent with what the statute says. Okay, well, we would have to go back and look at that more specifically if the court thinks that's an issue. Maybe that is something that could be decided by the district court. I don't think Grubhub qualifies for this business-to-business exception. It doesn't meet all of these qualifications. It would have the burden to show an exception. Well, if we have to remand on that, I guess I would be inclined just to send the whole thing back. That's why I was asking about the exceptions, because if we do have to send that back, and it sounds like maybe we will, maybe we should just leave the whole mess for the district court to sort through. Okay, well, a couple of things. One is this case has been going on for a very long time, and the court could narrow what the district court needs to decide by taking some of these big-picture questions off of the court's plate. But with respect to that, it's the same that I made a moment ago about the abatement and Prop 22 issue. How could it possibly be that Grubhub's liability for violations back in 2015 and 2016 have anything to do with whether after AB 5 was enacted in 2020, it met various exemptions the legislature just wrote into the law in 2019? It just makes no sense how we can be arguing about the company's liability way back then based upon new exceptions written into the law later. I mean, the statement in the law about restating what the law has been really appears to apply to the test, the ABC test, which the Supreme Court in the Vasco's decision recognized as an evolution of the law, the broad legal standard for how you define employee. Particular statutory exceptions, how can that possibly be restating what was said before? I mean, that would raise a due process argument if the legislature were trying to take away vested statutory wage rights after the fact. Okay, thank very much both sides for their helpful arguments. Lawson versus Grubhub now submitted for decision.
judges: W. Fletcher, Watford, Collins